UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL J. O'CONNELL, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | No. 4:04CV1826 (CEJ) |
| | ) | |
| THE FURNACE COMPANIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' motion for default judgment. Defendant has not responded, and the time allowed for doing so has expired.

Plaintiffs bring this action pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 et seq., and the Labor Management Relations Act ("LMRA"), 29 U.S.C. §§ 141 et seq. The individual plaintiffs are the ten trustees of the Plumbers and Pipefitters Welfare Educational Fund, Plumbers and Pipefitters Pension Fund, and Local 562 Plumbers and Pipefitters Supplemental Pension Plan and Trust (collectively "Funds"). As such, they are "fiduciaries" as defined by ERISA, 29 U.S.C. § 1002(21)(A). Plaintiff Local Union 562 Plumbers and Pipefitters Association ("Union") is a labor organization within the meaning of LMRA, 29 U.S.C. § 152(5). The Union represents employees in an industry affecting commerce within the meaning of the LMRA. See 29 U.S.C. §§ 152(7), 185. Defendant The Furnace Companies, Inc. is a party to a collective bargaining agreement with the Union.

Plaintiffs contend that defendant failed to submit reports and make timely contributions to the Funds as required under the terms of the collective bargaining agreement for the period beginning May 1, 2003, and ending September 30, 2005. They seek $2,658.18 in delinquent contributions, $1,511.37 in legal fees and costs, and audit fees of $2,012.00, for a total of $6,181.55.

The summons and complaint were served on the defendant on January 24, 2005. The defendant has not filed an answer or other responsive pleading, nor has it requested additional time in which to do so. See Fed. R. Civ. P. 12(a).

**Discussion**

ERISA provides that employers shall make contributions when required by the terms of a collective bargaining agreement. 29 U.S.C. § 1145. Employers who fail to make the required contributions may be liable for the unpaid contributions, liquidated damages, attorneys' fees, and costs. 29 U.S.C. § 1132(g). Defendant and the Union entered into a collective bargaining agreement that became effective January 1, 2000. Under the agreement, defendant is required to make monthly reports and payments to the Funds for each covered employee. It is also subject to liquidated damages and interest for untimely payments plus attorneys' fees and costs incurred in recovering those damages. The agreement also entitles the Union to conduct an audit of an employer's records to verify the accuracy of reports and contributions made by the employer.

On September 28, 2005, the Court issued an order granting plaintiffs' motion to compel defendant to account to plaintiffs for

all amounts due and owing from October 1, 2004, forward. Subsequently, plaintiffs retained an accounting firm that performed two payroll examinations of defendant's records covering the periods May 1, 2003, through September 30, 2004, and October 1, 2004, through September 30, 2005. Plaintiffs submit as evidence the firm's reports and the affidavits of John Massa, an accountant, Greg A. Campbell, plaintiffs' attorney, and Terry Flynn, executive director of the welfare and pension funds.

In his affidavit, Massa states that the accountants compared the hours worked by defendant's employees with the hours defendant reported. The accountants found that the defendant owes the plaintiffs $892.38, representing contributions for 64 unreported hours during the period of May 1, 2003, through September 30, 2004. The accounting firm's second examination found that defendant owes plaintiffs $1,765.80 in contributions for 109.5 unreported hours during the period of October 1, 2004, through September 30, 2005. The amounts total $2,658.18 and have not been paid, according to Flynn's affidavit. Massa further states that the Union will be charged $1,462.00 for the first payroll examination, and $550.00 for the second payroll examination, totaling $2,012.00. The Court will grant plaintiffs' request for these amounts.

In his affidavit, Campbell states that his hourly billing rate for services in federal court delinquency matters is $145.00 and that he spent 6.6 hours working on this case. The hourly billing rate for legal assistant services in these matters is $75.00 per hour, and legal assistant Alice Divinny spent 3.5 hours working on this case. Campbell asserts that plaintiffs will be billed

$1,219.50 for legal services, $150.00 for court costs, and $141.87 for special process service fees, for a total of $1,511.37. The amounts requested are reasonable and will be awarded to the plaintiffs. See 28 U.S.C. §§ 1132(g), 1920.

Based upon its review of the record, the Court concludes that plaintiffs are entitled to default judgment against defendant The Furnace Companies, Inc., for $2,658.18 in delinquent contributions, $2,012.00 in accounting fees, and $1,511.37 in legal fees and costs, for a total of $6,181.55.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for default judgment against defendant The Furnace Companies, Inc., [#10] is **granted**.

**IT IS FURTHER ORDERED** that judgment will be entered in favor of plaintiffs and against defendant The Furnace Companies, Inc., in the amount of $6,181.55. See 29 U.S.C. § 1132(g).

```
_____
CAROL E. JACKSON
UNITED STATES DISTRICT COURT
```

Dated this 23rd day of February, 2006.